```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                04-CR-105(01)(JMR/FLN)
                    06-CV-3760(JMR)
```

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Sergio Baltazar-Chavez | ) | |

Petitioner, Sergio Baltazar-Chavez, seeks relief pursuant to 28 U.S.C. § 2255. His petition is denied.

I. Background

On February 17, 2004, petitioner negotiated the sale of 150 pounds of marijuana and 2 pounds of methamphetamine to a Minnesota Bureau of Criminal Apprehension undercover special agent. The deal was set for the following day.

On February 18, 2004, the agent videotaped the transaction and signaled fellow officers to make the arrest. The videotape shows petitioner and co-defendants handing over 919 grams of amphetamine, and 62.7 kilograms of marijuana. On March 9, 2004, a grand jury indicted petitioner on charges of (1) conspiracy to distribute and possess with intent to distribute at least 150 pounds of marijuana; (2) conspiracy to distribute and possess with intent to distribute at least 500 grams of amphetamine; (3) aiding and abetting possession with intent to distribute at least 150 pounds of marijuana; and (4) aiding and abetting possession with intent to distribute at least 500 grams of amphetamine.

On November 2, 2004, petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 500 grams of amphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). By plea agreement, the parties stipulated to an adjusted base offense level of 32 for 900 grams of amphetamine and 150 pounds of marijuana, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c) (Drug Quantity Table), less 3 levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.

The parties estimated defendant's criminal history category was II, but agreed that "if the Criminal History Category, as finally computed with the aid of the Presentence Report, is greater than category II, the parties could not withdraw from the agreement." The parties further agreed petitioner would "be sentenced in accordance with the applicable Sentencing Guidelines." Using the adjusted offense level of 29, and the assumed criminal history category II, the parties calculated a guideline range of imprisonment at 97 to 120 months, but recognized the statutory 20-year maximum, with no mandatory minimum term. The plea agreement did not include cooperation.

At the plea hearing, petitioner affirmed he had reviewed and understood the terms of the plea agreement, and that the

statutory penalties included a maximum 20 years imprisonment. Petitioner also affirmed there were no promises as to the final sentence the Court would impose.

The Presentence Report ("PSR") did not find the facts as assumed in the plea agreement. Instead, the PSR calculated petitioner to be a career offender and recommended an enhancement for his role as a leader and organizer of the conspiracy. Applying these factors, together with the 3-level reduction for acceptance of responsibility, the PSR calculated guideline range was a term of imprisonment of 188-235 months.

Both prior to sentencing and at the sentencing hearing, petitioner objected to the PSR's suggestion that he was a career offender. The Court rejected this argument, and found he was a "career offender" under the applicable guidelines. Petitioner also objected to the 2-level enhancement as an organizer of the conspiracy. This objection was also rejected.

On June 16, 2005, the Court sentenced petitioner to 188 months, followed by a 3-year term of supervised release, a sentence at the low end of the adjusted guideline range.

Petitioner now claims his plea agreement was unknowing and involuntary, because he received inadequate advice of counsel. He particularly claims he pleaded guilty because: (1) counsel

guaranteed he would receive a sentence of ten years or less; and (2) counsel assured him his two prior drug-related convictions would not result in a sentence longer than ten years. Petitioner also claims his counsel was ineffective by failing to appeal his "career offender" status under the sentencing guidelines. Finally, petitioner claims his sentence violated United States v. Booker, 543 U.S. 220 (2005). The petition fails on all counts.

II. Discussion

    A. Plea Agreement

A guilty plea is valid as long as it is a defendant's voluntary and intelligent choice. Hill v. Lockhart, 474 U.S. 52, 56 (1985). A defendant who pleads guilty based on advice of counsel may attack the voluntary and intelligent character of the plea only by showing counsel's representation fell below an "objective standard of reasonableness," and counsel's errors resulted in prejudice. Id. at 57-58. To satisfy the prejudice prong, petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, and would have insisted on going to trial. Id. at 59. Petitioner claims his defense counsel failed to adequately explain the consequence of his guilty plea.

This claim is contradicted, however, by petitioner's explicit affirmations, under oath, during the November 2, 2004, guilty plea stating he reviewed the terms of the plea agreement and understood the maximum statutory penalty of 20 years imprisonment.  He further affirmed there were no promises as to the sentence the Court would impose.  Petitioner's present claims are contradicted by his own sworn statements.  He has offered no credible evidence of any guarantee by counsel, or anyone else, of the final sentence to be imposed.

On this record, the Court finds petitioner has entirely failed to show his plea was unknowing or involuntary.

B.  Effective Representation of Counsel

It is presumed that counsel's representation was sufficient. Strickland v. Washington, 466 U.S. 668, 690 (1984).  Strickland sets a high bar to show ineffective representation of counsel. It requires a petitioner to show both that "counsel's representation fell below an objective standard of reasonableness," and counsel's conduct so undermined the proper functioning of the adversarial process that the conviction cannot be relied on as having produced a just result.  Id. at 688-90. The Court finds petitioner has failed to meet either standard.

The plea hearing transcript reflects petitioner affirmed that his counsel answered all of his questions, and that he was satisfied with his representation. Petitioner's counsel demonstrated his competence in objecting to both the career offender status and the enhancement for petitioner's role as leader and organizer.

Further, petitioner's counsel vigorously argued against including petitioner's prior convictions of "minor" possessions for career offender classification. Sentencing Hearing Transcript ("S.") at 7 and 14.

Petitioner blithely asserts his counsel should have appealed the district court's decision that petitioner was a "career offender." In order to sustain this claim, petitioner must establish that he instructed counsel to file an appeal. Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992). The bare assertion that he made a request is not, by itself, sufficient to support relief if the district court finds the contrary position more credible. See Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir. 1992). This Court finds no evidence – other than petitioner's present statement – showing he made this request. Accordingly, petitioner's ineffective assistance of counsel claim fails. More importantly, petitioner fails to

show any way by which any other action by his lawyer would have resulted in a determination that he was not a career offender. The calculation is accurate.

### C. Sentencing Enhancements Under Booker

Relying on United States v. Booker, 543 U.S. 220 (2005), petitioner claims the district court erred in applying the role enhancement to his sentence because he did not agree to it in his plea agreement. Booker held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. Petitioner's assertion misinterprets Booker.

Prior to Booker, the Supreme Court established that sentencing enhancements could not be imposed on state sentencing guidelines unless the facts supporting the enhancements were admitted by the defendant, or found by a jury beyond a reasonable doubt. Blakely v. Washington, 542 U.S. 296, 303 (2004). In Booker, the Supreme Court applied the same rule to federal sentencing guidelines if those guidelines were mandatory. Booker, 543 U.S. at 233, 244. To avoid this result, the Supreme Court found the federal sentencing guidelines "effectively

advisory." Id. at 246-68. If the federal sentencing guidelines are advisory, then the Court is free to impose an enhancement if the facts support it, regardless of whether a defendant has admitted those facts or a jury has determined them.

At petitioner's sentencing, the Court referred to Booker and recognized that, while it was still required to consider the guidelines range, it had the power to tailor the sentence in light of the other considerations set out at 18 U.S.C. § 3553(a). The Court then imposed the 2-level role enhancement for being a conspiracy organizer. While petitioner did not stipulate to his role, it was determined primarily on his own sworn testimony as a defense witness in a hearing for one of his co-defendants. There, he testified he recruited three other people to assist him in distributing drugs. Under these circumstances, the role enhancement would accord with Booker even if the Supreme Court had found the sentencing guidelines to be mandatory. But the Supreme Court's holding that the sentencing guidelines are effectively advisory means petitioner lacks even a colorable argument that Booker was violated.

Booker is even less relevant to petitioner's career offender status. As the Court pointed out in the sentencing hearing, "prior convictions are really not covered by Booker . . . . They

are res judicata." S. at 7. Because petitioner's career offender status is based on prior convictions, it is unaffected by Booker.

### III. Certificate of Appealability

The Court has also considered whether to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists" or deserving of further proceedings. Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

### IV. Conclusion

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 [Docket No. 188] is denied.

2. No Certificate of Appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 25, 2008

<u>s/ JAMES M. ROSENBAUM</u><br>
JAMES M. ROSENBAUM<br>
United States District Judge